IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRADLEY DAVID MAIER,

        Plaintiff,               Civil No. 09-896-TC

     v.                          ORDER

MULTNOMAH COUNTY SHERIFF'S
OFFICE, et al.,

        Defendants.

AIKEN, District Judge.

    Plaintiff's Supplemental Complaint (#7) alleges that defendants are violating his Eight Amendment rights by refusing to provide plaintiff surgery to repair an abdominal hernia.

    The record reflects that plaintiff has been housed at Iverness Jail since his initial booking on November 1, 2008. He was transferred to County custody by the USMS and has been detained pending the disposition of federal criminal proceedings in the United States District Court for the

1 - ORDER

District of Oregon.[1]

Plaintiff now seeks "an order allowing him to remain at the Iverness Jail through the conclusion of this case." Plaintiff is "concerned that he will be moved from the Multnomah County Iverness Jail in an attempt to moot this pending case or inadvertently by the U.S. Marshall Service thus precluding plaintiff's ability to prosecute this case." Motion for Injunction (#8).

In order to obtain preliminary relief in the Ninth Circuit, a party must meet one of two alternative tests. Requests for temporary restraining orders are governed by the same general standards that govern the issuance of a preliminary injunction. See, New Motor Vehicle Board v. Orrin W. Fox Co., 434 U.S. 1345, 1347, n. 2 (1977); Los Angles Unified Sch. Dist. v. United States District Court, 650 F.2d 1004, 1008 (9th Cir. 1981). Under the "traditional" standard, preliminary relief may be granted if the court finds: (1) the moving party will suffer irreparable injury if the preliminary relief is not granted; (2) the moving party enjoys a likelihood of success on the merits; (3) the balance of potential harm favors the moving party; and (4) the advancement of the public interest favors granting injunctive relief. Burlington N.R.R. v. Department of Revenue, 934 F.2d 1064, 1074 n. 6 (9th Cir. 1991).

---

[1]The federal government does not have an independent detention center in Portland to house individuals trial or sentencing in the District Court. Plaintiff is awaiting sentencing.

2 - ORDER

Under the alternative test, the moving party may meet its burden by showing either (1) probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. Id.; Associated Gen. Contractors of Cal., Inc. v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991), cert. denied, 503 U.S. 985 (1992); see also A & M Records, Inc. v. Napster, Inc., 293 F.3d 1004, 1013 (9th Cir. 2001). These formulations "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." United States v. Odessa Union Warehouse Co-Op, 833 F.2d 172, 174 (9th Cir. 1987). The Ninth Circuit has suggested that the two standards amount to "a continuum in which the required showing of harm varies inversely with the required showing of meritoriousness." San Diego Comm. v. Governing Board, 790 F.2d 1471, 1473 n. 3 (9th Cir. 1986). The parties must demonstrate, "an irreducible minimum," that they have a fair chance of success on the merits. Brenda v. Grand Lodge of International Association of Machinists & Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1978), cert. dismissed, 441 U.S. 937 (1979); Committee of Cent. American Refugees v. I.N.S., 795 F.2d 1434, 1437 (9th Cir. 1986). This is so because the probability of success on the merits is the critical standard in determining the propriety of preliminary relief. Lancor v. Lebanon Housing Authority, 760 F.2d 361 (1st Cir. 1985). Also, under

3 - ORDER

any formulation, the party seeking preliminary relief must demonstrate that there exists a significant threat of irreparable injury. Oakland Tribune v. Chronicle Pub. Co., 762 F.2d 1374, 1376 (9th Cir. 1985).

Additionally, "[u]nder the Prison Litigation Reform Act (PLRA), prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials[.}" Lunford v. Bannister, 2009 U.S. Dist. LEXIS 26247, 19-20 (D. Nev. Feb 10, 2009) (denying a pro se inmate plaintiff's motion for preliminary injunction to compel surgery for a non-life-threatening condition and continuing care while incarcerated). Under the PLRA,

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).

The Ninth Circuit has characterized this section's effect as to operate "simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators - no longer may courts grant or approve relief that binds prison administrators to do more that the constitution requires." Gilmore v. People of the State of California, 220 F.3.d 987, 999 (9th Cir. 2000).

In this case, plaintiff has not demonstrated the

4 - ORDER

"irreducible minimum" of probable success on the merits of his underlying claim or a significant threat of irreparable injury if preliminary relief is not granted.

The record reflects that plaintiff's medical condition, although undoubtedly uncomfortable, is not life-threatening and treatable with non-surgical remedies such as weight loss and/or a "hernia belt." The surgery plaintiff seeks has determined by the Utilization Committee, in conjunction with the Oregon Health Plan guidelines to be to be elective. Declaration of Dr. Ersson, paragraph 9.

Moreover, plaintiff has not presented any evidence that he would be unable to continue his case seeking surgical repair of his hernia if he was transferred from the Multnomah County Jail to a federal facility for the completion of his sentence.

In short, plaintiff has not met any of the requisite criteria for entitlement to preliminary relief enjoining defendants from transferring him to a different facility pending the outcome of this case.

Plaintiff's Motion for Injunction (#8) is denied.

IT IS SO ORDERED
DATED this 8 day of October, 2009.

_____
Ann Aiken
United State District Judge

5 - ORDER